WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Claudia Slechta,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Carolyn Colvin, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | No. CV-12-00108-TUC-HCE<br><br>**ORDER** |

　　　Plaintiff, Claudia Slechta, filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. §§ 405(g).  The United States Magistrate Judge presides over this case pursuant to 28 U.S.C. § 636 (c) and Fed.R.Civ.P. 73, having received the written consent of both parties.

　　　Plaintiff suffers from chronic fatigue syndrome, Epstein-Barr, anorexia, anxiety, and depression. She applied for Disability Insurance Benefits (hereinafter "DIB") with a protective filing date of December 3, 2007, alleging an onset of disability beginning June 1, 2005. (Transcript/Administrative Record (hereinafter, "Tr.") 110-114, 120.) The application was denied initially and on reconsideration. Tr. 53-58, 60-62. A hearing before an Administrative Law Judge (ALJ) was held on May 3, 2010. Tr. 21-52. The ALJ issued a decision on May 19, 2010, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 7-20. This decision became the Commissioner's final decision when the Appeals Council denied review. Tr. 1-6.

　　　Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. §

405(g). (Doc. 1) For reasons stated herein, the Court will reverse the Commissioners decision and remand for further proceedings.

## I. STANDARD OF REVIEW

The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's decision to deny benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id*.

## II. DISCUSSION

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) she has not worked since the alleged disability onset date, (2) she has a severe impairment, and (3) her impairment meets or equals a listed impairment or (4) her residual functional capacity (RFC) precludes her from performing her past work. At step five, the Commissioner must show that the claimant is able to perform other work. *See* 20 C.F.R. §§ 404.1520.

Plaintiff has not engaged in substantial gainful activity during the period from the alleged onset date of July 1, 2005 through Plaintiff's date last insured (hereinafter, "DLI"), December 31, 2007, Tr. 12, ¶ 2, and has multiple medically determinable impairments: chronic fatigue syndrome, Epstein-Barr, anorexia, anxiety, and depression. Tr. 12, ¶ 3. At step two, the ALJ concluded that Plaintiff is not disabled because she does not have an impairment or combination of impairments that significantly limit her ability to perform basic work related activities for 12 consecutive months. Tr. 13, ¶ 4.

Plaintiff contends that the ALJ erred by (1) failing to follow the requirements of 20 C.F.R. § 404.1512 regarding the need to follow up for evidence from the treating sources when additional information is necessary; (2) failing to apply Social Security

Ruling 99-2 to develop evidence relating to chronic fatigue syndrome; and (3) failing to consider evidence inferentially relevant though outside the insured status. (Doc. 20) The Commissioner contends that (1) the ALJ fully and fairly developed the record; (2) the ALJ reasonably accorded little weight to the opinion outside Plaintiff's insured status; and (3) the ALJ's decision is free of harmful legal error. The Court concludes that the ALJ committed reversible error by giving no weight to Dr. Christopher's opinion on the basis that he evaluated Plaintiff after the DLI.

Plaintiff was insured for the purposes of disability insurance through December 2007. Tr. 118. Plaintiff was 56 years old at the time her insured status expired. She completed four or more years of college, and had past work as a teacher. Tr. 125, 130. Plaintiff quit working in 2005 because she was "exhausted at the end of it." Tr. 29. Plaintiff testified that several things prevent her from going back to work, including her immune system, she "get[s] sick around little kids"; an inability to be in the cold and wind; depression; and fatigue. Tr. 29-30. At the time of the hearing, Plaintiff testified that she does her own laundry, not very often, and with some help; does her own grocery shopping, but sometimes will skip meals when she is too fatigued to shop; and has a driver's license and drives in short distances in town, but does not drive long distances. Tr. 27, 32-34. Plaintiff's medications include Ativan for anxiety, fluconazole and nystatin for treatment of candida, Paxil for depression. Tr. 37, 129. These medications were prescribed by Russell Christopher, M.D., Gale Masterson, M.D., and Lance Morris, N.M.D. Tr. 129. Plaintiff states that the fluconazole makes her "sleep all the time." Tr. 129.

### A. Consultative Examination

Plaintiff contends that the ALJ erred by requesting a consultative examination without first following up with Plaintiff's treating sources for additional evidence or clarification. (Doc. 20, pp. 4-5) "The Commissioner 'has broad latitude in ordering a consultative examination.'" *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001)(citation omitted). The types of cases that normally require a consultative examination include

those in which "'additional evidence needed is not contained in the records of [the claimant's] medical sources,' and those involving an 'ambiguity or insufficiency in the evidence [that] must be resolved.'" *Reed*, 270 F.3d at 842 (alterations in original) (citations omitted). In this case, although there are two consultative examinations in the record, both examinations took place in April, 2007[1], eight months before Plaintiff the application for DIB at issue in this case, and nearly three years before Plaintiff appeared before this ALJ for a determination on her application at issue in this case. It is likely that this consultative examination was a result of the Commissioner's development of the record in Plaintiff's prior filing, which was denied on May 11, 2007. *See* Tr. 120; *see also* Tr. 59 (Plaintiff's remarks in her "Request for Reconsideration" asking to re-open her prior applications); *compare* Tr. 218: Case No. 917175, *with* Tr. 257: Case No. 830757. The record before this Court does not demonstrate that the ALJ in this case requested the consultative examination in question, and thus could not have erred by doing so, or did so without providing proper direction to the consultative examiner.

Further, Plaintiff has not demonstrated that there is an ambiguity or insufficiency of the record that must be resolved, or that additional evidence needed is not contained in the medical evidence of record. *See Reed*, 270 F.3d at 842. Accordingly, the ALJ has not erred by failing to further develop the record.

### B. Treating Psychiatrist Russell Christopher, M.D.

Plaintiff contends that the ALJ erred by dismissing the opinions of Plaintiff's treating psychiatrist, Dr. Russell Christopher, because he evaluated and treated Plaintiff two years after the Plaintiff's DLI. Plaintiff's treating physicians are "employed to cure and [have] a greater opportunity to know and observe [Plaintiff] as an individual." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). Thus, their medical opinions are entitled to "special weight," and if the ALJ chooses to disregard them, she must, "set forth specific, legitimate reasons for doing so, and this decision must itself be based on

---

[1] The ALJ mistakenly refers to Susan Courtney's examination as having occurred on April 11, 2004. It occurred on April 11, 2007. Tr. 15.

- 4 -

substantial evidence." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)); *see Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ can meet this burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725. Evidence that post-dates a claimant's date last insured may be probative of whether a claimant had any impairments prior to her date last insured. *See, e.g., Turner v. Comm'r of Social Security*, 613 F.3d 1217, 1228–29 (9th Cir. 2010).

Dr. Christopher diagnosed Plaintiff with a single episode of major depression; borderline personality disorder; persistent sleep disorder; and anorexia. Tr. 276. Dr. Christopher completed a "Medical Source Statement Concerning the Nature and Severity of an Individual's Mental Impairment", assessing Plaintiff with mild, moderate, moderately severe, and severe limitations across several categories of functional limitations, determining that the date of onset of these limitations was 2005. Tr. 268. Dr. Christopher concluded that Plaintiff is: "[U]nable to maintain appropriate relationships with coworkers [and] supervisors[; U]nable to maintain an adequate pace of work required in the open marketplace[; and u]nable to maintain attention [and] concentration required to perform work." Tr. 269. Although Plaintiff was first assessed by Dr. Christopher in November, 2009, Dr. Christopher noted Plaintiff had an initial onset of depression in 1972, and a first episode of depression in 1982. Tr. 270.

The Commissioner argues that the ALJ could give little weight to Dr. Christopher's opinion because it was issued well after Plaintiff's DLI and was inconsistent with his treatment notes. (Doc. 21, at 9). The Commissioner also argues that the opinion was inconsistent with the medical records, which showed Plaintiff did not seek treatment, and there was little evidence of symptoms of depression. The Commissioner also notes that Dr. Christopher's opinion that Plaintiff had limitations prior to her DLI was conclusory, as he cited no evidence to support his opinion, and had only seen Plaintiff on two occasions.

1 We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which she did not rely. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)(citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir.2003)). *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001) (the district court may not affirm the ALJ's decision "on a ground that the [ALJ] did not invoke in making [her] decision[.]"). Thus, the Court reviews only the ALJ's decision that Dr. Christopher's opinion is given "no weight" because it was issued after the DLI.[2] The Court finds that, the ALJ failed to provide clear and convincing, or specific and legitimate reasons to give Dr. Christopher's opinion no weight. By rejecting Dr. Christopher's opinion without providing any reason other than it was outside the DLI, the ALJ erred by rejecting Dr. Christopher's opinion without providing any reason for doing so.

Although an ALJ may discount a treating provider's retrospective conclusion that is not substantiated by medical evidence relevant to the period in question, *see Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995), standing alone, the retrospective nature of Dr. Christopher's opinion does not provide grounds for rejecting it. *See e.g., Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 601–602 (1999). The Ninth Circuit "has

---

[2] The ALJ did note that Dr. Christopher opined that the claimant's depression was "primarily 'situational and characterological,' rather than a disease process" (Tr. 14), but did not rely on this statement as a reason for rejecting Dr. Christopher's opinion. Rather, the ALJ relied on this statement as a reason for discounting the severity of Plaintiff's symptoms. The Court rejects the Commissioner's *post hoc* attempts to characterize the ALJ's statement as a determination made by the ALJ that Dr. Christopher's opinion was inconsistent with his treatment notes. Furthermore, the statement has been rather disingenuously taken out of context by the ALJ and the Commissioner in this appeal; Dr. Christopher's treatment note, read in whole, explains the intractability of her severe symptoms, even after treatment with medication:

> Since her depression is primarily situational and characterological, treatment [with]/ medication has been only partially helpful. She takes Paxil 20 mg daily with fair results. Looking at parameters such as motivation, social participation, enjoyment of life, breadth of activities and pursuit of pleasure and enrichment, [patient] is clearly on the severely impaired end of the spectrum, again in a chronic and permanent manner.

Tr. 291.

specifically held that evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition." *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995). If the ALJ rejected Dr. Christopher's opinion because she believed it concerned a time after Plaintiff's DLI, its rejection was improper. *See Taylor v. Commissioner of Social Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). The Court finds the ALJ erred by failing to provide adequate reasons to reject the opinion of Plaintiff's treating physician.

### III. REMEDY

The decision to remand for further development of the record or for an award benefits is within the discretion of the Court. 42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th Cir. 2000). This Circuit has held that evidence should be credited as true, and an action remanded for an award of benefits, where three conditions are met: the ALJ has failed to provide legally sufficient reasons for rejecting the evidence, no outstanding issue remains that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *See, e.g.*, *Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988).

As discussed above, because the ALJ found that Plaintiff does not have a severe impairment, she stopped her inquiry at step two rather than proceeding to the other questions of the sequential evaluation process. *See* 20 C.F.R. §§ 404.1520. There was no testimony from a vocational expert that the functional limitations found by Dr. Christopher would render Plaintiff unable to engage in any work. In cases where the testimony of a vocational expert has failed to address functional limitations as established by improperly discredited evidence, this Circuit "consistently [has] remanded for further proceedings rather than payment of benefits." *Harman*, 211 F.3d at 1180 (citation omitted). Thus, a remand for further proceedings is appropriate in this case. On remand the ALJ should consider Dr. Christopher's opinion.

IT IS ORDERED:

1. Defendant's decision denying benefits is REVERSED.

2. The case is REMANDED for further proceedings consistent with this order.

Dated this 17th day of July, 2013.

_____
Héctor C. Estrada
United States Magistrate Judge